NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| : | **Hon. Dennis M. Cavanaugh** |
| ALTON HOWARD, : | |
| : | **OPINION** |
| Plaintiff, : | |
| : | Civil Action No. 07-CV-360 (DMC) |
| v. : | |
| : | |
| ENGLEWOOD POLICE : | |
| DEPARTMENT, : | |
| : | |
| Defendant. : | |
| : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff Alton Howard's ("Plaintiff") motion for

reconsideration pursuant to Local Civil Rule 7.1(i).  Pursuant to FED. R. CIV. P. 78, no oral argument

was heard.  After carefully considering the submissions of the parties, and based upon the following,

this Court finds that Plaintiff's motion for reconsideration is **denied**.

I.    BACKGROUND

On February 5, 2007 Plaintiff filed a Complaint and proceeded in *forma pauperis*,

alleging excessive force in violation of his Fourth Amendment rights against the Englewood

Police Department ("Defendant").  On January 30, 2008, this Court issued an Order of Dismissal

for failure to effectively serve Defendant within the time frame of FED. R. CIV. P. 4(m).  On April

30, 2008, Plaintiff filed a Motion for Reconsideration asking this Court to take a second look at

its January 30, 2008 Order asserting that his failure to timely serve Defendant arose from special circumstances because he was transferred from the Bergen County Jail to other prisons.

## II.    STANDARD OF REVIEW

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  In this District, however, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge or a Magistrate Judge, to take a second look at any decision "upon the showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. CIV. R. 7.1(g) (GANN 2002 ed.).

## III.    DISCUSSION

The Order Plaintiff challenges was entered on January 30, 2008.  Plaintiff's motion was filed on April 30, 2008.  The 10-day filing period for a motion to alter or amend a judgment "is

2

jurisdictional and cannot be extended at the discretion of the district court." See FED. R. CIV. P. 6(b); Mash v. Twp. of Haverford Dep't of Codes Enforcement, 2007 U.S. Dist. LEXIS 67265 (E.D. Pa. 2007). ("Rule 6(b) . . . explicitly provides that the district court may not extend the time for taking any action under Rule 59(e).")  The 10 day period has lapsed after the issuance of the this Court's last Order; thus, Plaintiff's motion for reconsideration must be **denied**.

**IV.   CONCLUSION**

Plaintiff's motion for reconsideration was untimely filed.  For the reasons stated in this Opinion, Plaintiff's motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        June 26,  2008
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

3